■ LISA M. FULLER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 67067.)—Judgment unanimously reversed, on the law and facts, without costs, and matter remitted to the Court of Claims for a trial on the issue of damages only. Memorandum: Claimant appeals from a judgment of the Court of Claims which dismissed her action for personal injuries sustained when she fell on an icy sidewalk on the campus of the State University of New York Agricultural and Technical College at Alfred (Alfred Tech).

Briefly stated, claimant alleged that on the morning of February 24, 1982, she fell on ice that had been allowed to accumulate on a sidewalk on the Alfred Tech campus. She sustained serious injuries. The State's answer contained an affirmative defense of comparative negligence which was not pursued at the trial and is not an issue on this appeal.

After a trial, the court concluded that claimant failed to establish the negligence of the State and dismissed her action. We reverse.

Claimant's witnesses all testified, without rebuttal by the State, that icy conditions had persisted on campus sidewalks for at least three weeks before claimant's fall. Indeed, a news article appeared in a campus newspaper in early February of 1982 in which the college president acknowledged the severe icing of the college walkways because of the inclement weather, and suggested forbearance on the part of those who were complaining about what was perceived as lack of attention to this condition.

The court rejected the testimony and other proof offered by claimant of the continued icy conditions of the campus walkways at the time in question, stating "the Court cannot accept the testimony that ice persisted on the sidewalk throughout the period in defiance of the laws of nature," and found, "on the balance of probabilities, indeed as a virtual certainty, that a high temperature of 36 [degrees] on Monday the 22d and 47 [degrees] on Tuesday the 23d would have melted exposed ice on the sidewalks." The court concluded that the ice on the sidewalk must have formed the previous night, at the earliest, and found that the Alfred Tech maintenance staff took all reasonable steps "in light of prevailing weather conditions * * * to control the accumulation of snow and ice on its campus on February 24, 1982, and was not negligent in this case." No testimony was offered, other than temperature charts, to show how long the higher temperatures persisted or what other weather conditions prevailed at the time in question, and nothing in the record supports the court's decision that the "laws of nature * * * melted exposed ice on the sidewalks" at the time immediately preceding claimant's fall. The court engaged in speculation unsupported by evidence, and this was error. No testimony was offered by the State to indicate that any time during the month of February 1982 the walkways were free from a substantial accumulation of ice or that the walkways were ever cleared of the ice, salted or sanded. The court observed that "[t]he State was unable to produce any evidence of work on the sidewalks other than time sheets showing that men were assigned to snow and ice removal."

Although it is clear that in discharging its duty of snow and ice removal a municipality may establish a set of priorities, "[t]he nature and extent of the measures which it undertakes are important in determining the reasonableness of its re-

sponse and in resolving the ultimate question of whether a sufficient period of time has elapsed so as to charge it with negligence for its inaction in clearing a specific area" *(Valentine v City of New York,* 86 AD2d 381, 386, *affd* 57 NY2d 932; *Yonki v City of New York,* 276 App Div 407, 409). (Appeal from judgment of Court of Claims, McMahon, J.—negligence.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.